FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE RAPP, individually,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN COUNTY, a Municipal Corporation; and FRANKLIN COUNTY SHERIFF JIM RAYMOND, in his individual and official capacity,<br><br>　　　　Defendants. | No. 4:19-CV-05150-SAB<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** |

　　The Court held a telephonic hearing in the above-captioned matter on June 30, 2020. During the hearing, the Court heard oral argument on Defendants' Motion for Protective Order, ECF No. 45, and Plaintiff's Motion to Compel and Award Attorney's Fees, ECF No. 48, and associated Motion to Expedite, ECF No. 47. Plaintiff was represented by Andrea Clare. Defendant was represented by Andrew Cooley. At the hearing, the Court took both motions under advisement. Having reviewed the briefing, parties' argument, and the relevant caselaw and for the reasons discussed herein, the Court denies both the Motion for Protective Order and the Motion to Compel. The Motion to Expedite is dismissed as moot.

//

//

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** \* 1

## Facts

The facts underlying this case are not particularly relevant to the motions at hand. Briefly, this case relates to an employment dispute. Plaintiff is an employee of the Franklin County Sheriff's Office. He was terminated from his position as a road deputy in 2016. After winning at an arbitration proceeding guaranteed by his collective bargaining agreement, Plaintiff was reinstated by Defendant Sheriff Raymond to a position that was different from his original job after a delay of nearly eighteen months. Plaintiff alleges Defendants retaliated and discriminated against him and violated his constitutional rights because he won at the arbitration proceedings. Defendants argue that Plaintiff has not been retaliated or discriminated against and, to the extent he has not been reinstated to the same position, that Sheriff Raymond is merely following the arbitration order, has legitimate reasons for not reinstating Plaintiff to his original position, and has legal authority to appoint Plaintiff to whatever position he chooses.

## Procedural History

Plaintiff originally filed his complaint in Walla Walla County Superior Court on May 28, 2019, alleging federal constitutional claims, violations of Washington state antidiscrimination and anti-retaliatory laws, and defamation. ECF No. 1-3. He sought declaratory relief against Defendants, as well as compensatory and punitive damages, attorney's fees, and costs. *Id*. Defendants removed the action on the basis of federal question jurisdiction on June 6, 2019. ECF No. 1. Shortly after an initial scheduling conference, Defendants filed a motion for summary judgment, ECF No. 19. The Court denied the motion because there were genuine issues of material fact as to the conditions of Plaintiff's employment and the legitimacy of Defendants' proffered reasons for their treatment of Plaintiff before and since his reinstatement. ECF No. 44. The Court did not reach the merits of any of Plaintiff's claims. The instant discovery motions were filed on June 9 and 12, 2020, respectively.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** * 2

**Defendants' Motion for Protective Order**

The Court first considers Defendants' Motion for Protective Order, ECF No. 45. Defendants request that the Court enter a protective order barring Plaintiff from discovering evidence related to (1) assault allegations against Sheriff Raymond, made by his daughter-in-law in November 2019, and (2) Franklin County Sheriff's Office investigations into allegations that a Franklin County sergeant, Josh Bunton, had a secret camera in his office in late 2019 and early 2020. For the reasons discussed below, Defendants' motion is dismissed as moot in part and denied in part.

1. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of any nonprivileged matter that is relevant to a party's claim or defense and is proportionate to the needs of their case. Fed. R. Civ. P. 26(b)(1). Evidence need not be admissible at trial to be discoverable. *Id.* For discovery purposes, relevance requires only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

Rule 26 also provides the Court with authority to enter protective orders on a party's motion and forbid or limit discovery of certain evidence. Fed. R. Civ. P. 26(c)(1). The Court may, if supported by a finding of good cause, issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* The party seeking the protective order must show a specific prejudice or harm that will result if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

2. Assault Allegations

Plaintiff initially requested that Defendants disclose any criminal investigations where Sheriff Raymond was a suspect. ECF No. 55-1. Defendants

disclosed that Sheriff Raymond was the subject of a complaint by his daughter-in-law, but also said there was no investigation into her claims and that he would be a witness if there were an investigation. ECF No. 55-2. There was in fact an investigation, however. Sheriff Raymond's daughter-in-law alleged that he assaulted her after a contentious meeting at his home related to her ongoing divorce proceedings with Sheriff Raymond's son. The allegation was made directly to the Franklin County Prosecutor, who forwarded the matter to the Washington State Patrol and the Grant County Prosecutor for investigation. No criminal charges were filed in connection with the allegations.

Plaintiff sought documents related to this investigation, but Defendants refused and filed the instant motion for protective order instead, arguing that the request was unduly embarrassing to Sheriff Raymond and that the requested evidence was protected non-conviction data under the Washington State Criminal Records Privacy Act, Wash. Rev. Code 10.97. However, Plaintiff's counsel confirmed that Plaintiff was able to acquire a copy when a private citizen requested the documents via a public records request in the interim between his request and the hearing. ECF No. 56 at ¶ 4; ECF No. 56-2. Because Plaintiff now has the evidence that he was seeking from Defendants, Defendants' motion for a protective order as to the assault allegations is dismissed as moot.

3. Secret Camera Investigation

Defendants also request that the Court enter a protective order barring disclosure of evidence related to a secret camera in Sargent Bunton's office in late 2019 and early 2020. At issue here are Plaintiff's Interrogatories #12 and 13, which specifically requested as follows:

> INTERROGATORY NO. 12: Describe in detail what occurred and if any investigative steps, IA's [sic], or reports were prepared as a result of the Sheriff's office learning of a secret camera in Josh Bunton's office.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** \* 4

>INTERROGATORY NO. 13: Detail any and all reasons the Sheriff has issued/placed a gag order in regard to the above referenced Josh Bunton's secret camera.

ECF No. 46 at 2. Defendants refused to answer either interrogatory, insisting that the questions had "nothing to do with the case" and that "Rapp is being used by the labor union attorney to seek this in the federal lawsuit to further other people['s] agendas, and not for any legitimate purpose related to this case. ECF No. 46 at 3. Defendants provided no support for these assertions either in their briefing or at the hearing. Plaintiff argues that this evidence is necessary so that he can compare the severity of discipline and the scope of investigation in the Bunton case to his own as part of his theory that he is being singled out for bad treatment by Sheriff Raymond.

Defendants' motion for a protective order is denied. The evidence sought in Interrogatories #12 and 13 are relevant to Plaintiff's theory of his case and could support his claims under the Washington Law Against Discrimination and the Fourteenth Amendment. Furthermore, Defendants have failed to establish any specific or articulable harm that they would suffer if the sought discovery were disclosed. Defendants are directed to respond to Interrogatories #12 and 13 as asked, though they need not produce any reports that are not yet complete, as Defendants indicated that the investigation was ongoing. Additionally, the Court takes notice that copies of the investigative reports were not requested in the two interrogatories at issue here.

### Plaintiff's Motion to Compel and Award Attorney's Fees

The Court next considers Plaintiff's Motion to Compel and for Attorney's Fees, ECF No. 48. Plaintiff requests that the Court compel Defendants to properly respond to discovery, arguing that Sheriff Raymond is improperly asserting attorney-client privilege to avoid producing discovery and that Defendants'

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** * 5

privilege log is insufficient to meet their burden. In his motion, Plaintiff requests that the Court rule on the scope of attorney-client privilege as applied to this case, though in counsel's declaration he seems to request that the Court consider some of these emails *in camera*, ECF No. 49. Defendants argue that Plaintiff's motion, in essence, requests that the Court strike their privilege claim and would require them to disclose around 100 emails that they believe are protected by attorney-client privilege. For the reasons discussed below, Plaintiff's motion is denied.

1. <u>Federal Rule of Civil Procedure 26</u>

As discussed above, Rule 26 provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope need not be admissible at trial to be discoverable. *Id.* A party need not provide discovery of electronically stored information like emails if the party identifies it as not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).

Relatedly, if a party withholds otherwise discoverable information on the basis of privilege, the party must (1) expressly make the privilege claim and (2) make a privilege log describing the nature of the documents or communications not produced in a manner that does not reveal the allegedly privileged materials but does allow other parties to assess the privilege claim. Fed. R. Civ. P. 26(b)(5)(A); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071-72 (9th Cir. 1992). The party claiming the privilege has the duty of establishing it exists. *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). Boilerplate objections or blanket refusals are not sufficient to meet this burden. *Burlington N. & Santa Fe. Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Failure to provide sufficient information in support of the privilege may constitute waiver of the privilege. *Eureka Fin. Corp. v. Harford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal 1991).

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** \* 6

Federal attorney-client privilege law applies here. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003). Attorney-client privilege protects confidential communications between a client and their attorney for the purposes of securing legal advice. *Fisher v. United States*, 425 U.S. 391, 403 (1976). The privilege protects only disclosures necessary to obtain informed legal advice and which would not have been made but for the protection afforded by the privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

2. Motion to Compel

Plaintiff's motion to compel is denied. First, insofar as Plaintiff requests relief only in his counsel's declaration and not in his motion, the Court denies that relief. *See* LCivR 7(b)(1) ("The motion serves as the memorandum and shall set forth supporting factual assertions and legal authority."). Second, the privilege log submitted by Defendants identified the date the withheld email was sent, parties to the email, the subject line, a description of the email's contents, and the reasons that the email was withheld. ECF No. 50-11, ECF No. 58-3. The information provided, combined with defense counsel's affidavit, is sufficient to determine that the attorney-client privilege applies to the withheld emails. Furthermore, because Plaintiff does not identify any specific emails he wants reviewed—and because those emails were not produced to the Court—the Court declines to conduct in camera review of them. Furthermore, given the lack of specificity in Plaintiff's motion—and disregarding any further requests made in his counsel's declaration—the Court also declines to issue an Order detailing the extent of attorney-client privilege, as such an Order would border on a prohibited advisory opinion. *See Hayburn's Case*, 2 U.S. (2 Dall.) 408 (1792) (declining to issue nonbinding opinions on the amount of benefits owed to Revolutionary War veterans).

Plaintiff's arguments that Defendant waived attorney-client privilege are also not persuasive on the record before the Court. Plaintiff first argues that there is no privilege because some of the withheld emails were sent to or included Franklin

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** * 7

County prosecutors, and that the prosecutors were not acting in their "professional" capacity because they are not representing Defendants in this lawsuit. ECF No. 48 at 10. This argument fails because county prosecutors in Washington have the power and authority to provide legal advice to county officials. Wash. Rev. Code 36.16.010, 36.72.020(2); *State ex rel. Banks v. Drummond*, 187 Wash.2d 157 (2010). Furthermore, defense counsel here has been appointed as special deputy prosecutors in the course of their representation of Defendants. Wash. Rev. Code 36.27.040. Insofar as county prosecutors were included on withheld emails, it appears they were included as part of the larger legal team advising Defendants, not as some sort of liaison or consultant.

Similarly, Plaintiff's argument that Defendants waived the privilege by asserting qualified immunity as an affirmative defense must fail. The only case cited by Plaintiff in support of his waiver argument predates the modern standard on qualified immunity. In that case, the court ruled that, because there was then a subjective good faith element to the predecessor of qualified immunity, it made sense to allow Plaintiff to discover the sought communications between the defendants and state attorneys. *Hearn v. Rhay*, 68 F.R.D. 574, 582 (E.D. Wash. 1975). However, there is no longer a subjective good faith element in a modern qualified immunity defense, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), so the waiver argument fails.

Thus, Plaintiff's motion to compel is denied. The Court will not issue an advisory opinion on the scope of attorney-client privilege and, absent a motion to review specific emails for misuse of attorney-client privilege, Plaintiff has failed to rebut Defendants' evidence establishing the existence of the privilege.

3. Motion for Attorney's Fees

Plaintiff also requests that the Court grant him attorney's fees in connection with this discovery dispute pursuant to Federal Rule of Civil Procedure 37. Rule 37 provides that an evasive or incomplete disclosure, answer, or response may be

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** \* 8

treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). If a motion to compel a response is granted or if the requested discovery is provided after the motion is filed and after an opportunity to be heard, the Court may require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion in making the motion. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the Court may issue any protective order authorized under Rule 26 and, after an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses. Fed. R. Civ. P. 37(a)(5)(B). But the court must not order payment if the motion was substantially justified or other circumstances make an award of expenses unjust. *Id.*

The motion to compel here was denied, as discussed above, so the Court denies Plaintiff's motion for attorney's fees. Defendants' refusal to produce the withheld emails was substantially justified and not grounds for fees. Accordingly, the motion for attorney's fees is denied.

Accordingly, **IT IS SO ORDERED:**

1. Defendants' Motion for Protective Order, ECF No. 45, is **dismissed as moot in part** and **DENIED in part**. The Motion is dismissed as moot as to the request for documents related to an alleged assault of Sheriff Raymond's daughter-in-law. The Motion is denied as to the requests related to Interrogatories #12 and 13. Defendants are directed to respond to Interrogatories #12 and #13 as originally asked.

2. Plaintiff's Motion to Expedite, ECF No. 47, is **dismissed as moot**.

//
//
//
//
//
//

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** \* 9

3. Plaintiff's Motion to Compel and Award Attorney's Fees, ECF No. 48, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** the 2nd day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO COMPEL AND FOR ATTORNEY'S FEES** * 10