FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE RAPP, individually,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN COUNTY, a Municipal Corporation; and FRANKLIN COUNTY SHERIFF JIM RAYMOND, in his individual and official capacity,<br><br>　　　　Defendants. | No. 4:19-CV-05150-SAB<br><br>**ORDER GRANTING PLAINITFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** |

Before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 90, and Defendants' Motion to Strike Supplemental Declaration of Andrea Clare, ECF No. 103. Both motions were considered without oral argument. Plaintiff is represented by Andrea Clare and George Telquist. Defendants are represented by Andrew Cooley and Paul Triesch.

Plaintiff requests the Court enter summary judgment in his favor on his claims for declaratory relief. He specifically seeks a declaration that (1) "reinstatement" under the arbitrator's order means a return to the position from which he was terminated without just cause; (2) Defendants did not comply with the arbitrator's order by re-employing Plaintiff in a position other than the one from which he was wrongfully terminated; and (3) Plaintiff is entitled to all rights

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** \* 1

under the Deputy's Collective Bargaining Agreement. Having reviewed the briefing and the relevant caselaw, as well as Defendants' Motion to Strike, the Court grants Plaintiff's motion. The Court also denies Defendants' motion.

### Facts

The following facts are drawn from Plaintiff's Complaint, ECF No. 1-3, as well as the parties' respective statements of material facts, ECF Nos. 91, 98, and 102. All facts are construed in the favor of Defendants as the non-moving parties.

Plaintiff was employed as a Franklin County Sheriff's Office road deputy from January 1, 2011 until he was terminated on May 9, 2016. Although the facts giving rise to Plaintiff's termination are not relevant to the resolution of this motion, Plaintiff was terminated after a series of escalating disciplinary actions, and was ultimately terminated after he reacted poorly to a less than stellar performance review. Plaintiff and his union filed a grievance challenging his termination, and an arbitration was held pursuant to the Deputy's Collective Bargaining Agreement ("the CBA").

The arbitrator issued his opinion on September 5, 2017. In his order, the arbitrator found that the termination failed to meet the standards of just cause pursuant to Article 14 of the CBA. He held that Defendants failed to seek out all evidence and failed to have Plaintiff evaluated by a psychologist, and that Plaintiff's termination "could only have been a result of [Defendants'] prior decision to pursue [Plaintiff's] termination for unfitness and thus to avoid receiving an assessment which might have interfered with that goal." ECF No. 29-16 at 11. The arbitrator thus ruled in favor of Plaintiff and against Defendants, found that just cause had not been met, and ordered that Plaintiff be "reinstated" with pay and benefits retroactive to May 9, 2016.

Despite this directive from the arbitrator, Defendants did not immediately reinstate Plaintiff pursuant to the arbitration award. Instead, Defendants tried to challenge the arbitration award in three different state superior courts, resulting in

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 2

nearly three years of legal battles over venue and the propriety of Defendants' appeal ensued. Finally, on January 3, 2019, Defendants ordered Plaintiff to return to work on January 7. However, Plaintiff was returned as a "correction's deputy" in the Franklin County Jail rather than as a road deputy. Plaintiff was told that he would be covered by the Deputy's CBA, although he was the only employee in the Jail under that agreement, and that he would not receive a commission from the Sheriff. Plaintiff was not permitted to negotiate the terms of employment and was ordered to return or face termination for insubordination.

As Plaintiff returned to work, his attorneys and attorneys for Defendants continued negotiating the terms of Plaintiff's return, and they considered both a return to the arbitrator and informal resolution of their remaining disputes. Plaintiff argues that he was improperly returned to work and that Defendants did not comply with the arbitrator's order.

### Procedural History

Plaintiff filed his Complaint in Walla Walla County Superior Court on May 23, 2019. Defendants removed the action to federal court on June 6, 2019. ECF No. 1. An answer was timely filed on July 8, 2019. Plaintiff's Complaint raises five grounds for relief: (1) retaliation by Defendants in violation of Wash. Rev. Codes 49.60.210 and 51.48.025; (2) violation of the Washington Law Against Discrimination (WLAD), RCW 49.60 et seq.; (3) violation of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and violation of his rights under the Washington State Constitution; (4) declaratory relief pursuant to RCW 7.24.020; and (5) defamation. ECF No. 1-3. at ¶¶ 3.1-3.5.

Motions practice in this case has been lengthy, with multiple discovery motions, a summary judgment motion from Defendants, and a number of motions to strike. The Court also requested briefing from the parties on issues related to remand to the arbitrator. Plaintiff's motion was timely filed on October 13, 2020.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 3

**Defendants' Motion to Strike Attorney Clare's Declaration**

Before addressing the merits of Plaintiff's motion, the Court first addresses Defendants' Motion to Strike Supplemental Declaration of Andrea Clare, ECF No. 103. Defendants argue the Court should strike Ms. Clare's declaration in support of Plaintiff's motion, ECF No. 102, because it references new exhibits and arguments for the first time on reply. They also argue the Court should strike the declaration because the evidence is hearsay and would require Ms. Clare to testify as a witness in violation of ethics rules. Plaintiff argues the declaration should not be stricken because all of the contents in the declaration were only raised to respond to Defendants' arguments.

The party opposing a motion for summary judgment must object to evidence at the summary judgment stage—in the form of a motion to strike or otherwise—in order to preserve the objection for appeal. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) (quoting *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011)). Generally, affidavits supporting a motion must be served with the motion. Fed. R. Civ. P. 6(c)(2). Ordinarily, where evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without first giving the non-moving party an opportunity to respond unless the local rules provide otherwise. *See Busselman v. Battelle Mem. Inst.*, No. 4:18-CV-05109-SMJ, 2019 WL 7763845 at *9 (E.D. Wash. Nov. 15, 2019) (citing *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925-26 (9th Cir. 2014)). Furthermore "the fact that a ground to object to [a] new matter is available does not command that the objection be sustained. Indeed, in the context of summary judgment, it may be in the interests of judicial economy to overrule an objection to late-filed dispositive evidence." *Dutta*, 895 F.3d at 1172.

Defendants' motion is denied. First, the evidence objected to by Defendants is not necessary to dispose of the pending motion for summary judgment. Instead, the evidence is only introduced to rebut arguments raised by Defendants

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 4

themselves and are not truly "new" arguments. Indeed, Ms. Clare's declaration includes full email exchanges that were only partially quoted by Defendants in their opposition to the motion for summary judgment. Defendants created the issue here, and Plaintiff shall not be penalized for responding to the charges raised against his counsel. Furthermore, the evidence objected to can be presented in some admissible form at trial and is therefore not grounds to strike the declaration.

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party must show there is more than "some metaphysical doubt." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations are insufficient to meet this burden and the court will not presume specific facts missing from the record to find a genuine dispute of material fact. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888-89 (1990). When considering a motion for summary judgment, the court may neither weigh the evidence nor assess credibility; however, "when two opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt" the non-moving party's version of facts in ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** \* 5

In addition, the moving party must show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgement as a matter of law when the non-moving party fails to make a sufficient showing of an essential element of a claim on which they have the burden of proof. *Celotex*, 477 U.S. at 323.

## Discussion

Plaintiff seeks a declaratory judgment that (1) "reinstatement" as used in the arbitrator's order means "return to the position from which Plaintiff was wrongfully terminated"; (2) Defendants are not complying with the arbitrator's reinstatement order by ordering him to return to a position other than the one from which he was terminated; and (3) he is covered by the Deputy's CBA and entitled to certain rights under the CBA. Defendants oppose the motion, arguing that the arbitrator knew that Defendants would put Plaintiff in a position other than the one from which he was terminated and that there are numerous technical roadblocks that prevent the Court from reaching the merits of Plaintiff's motion. For the reasons discussed below, the Court grants Plaintiff's motion.

1. <u>Whether There Are Genuine Disputes of Material Fact</u>

The Court finds there are no genuine disputes of material fact. Defendants point to a myriad of facts that occurred prior to the arbitration order that led up to Plaintiff's termination—that he was a "bad cop" who slept on the job and had inappropriate emotional outbursts. ECF No. 98 at ¶¶ 1-6. Even if those facts are true, they are red herrings. Indeed, although those facts may be relevant to whether Sheriff Raymond had just cause to terminate Plaintiff, they are wholly irrelevant to the question currently before the Court: what the word "reinstatement" means, and whether Defendants complied with the arbitration order when it ordered Plaintiff to return to a position other than the one from which he was wrongfully terminated. Whether or not Plaintiff was a good cop is irrelevant to the question currently before the Court, and facts going to that argument will not create a dispute of

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 6

material fact. The parties generally agree as to what the arbitration order contains and the current conditions of Plaintiff's employment with the County. Insofar as Defendants argue that the arbitrator "knew" Plaintiff would be returned to a position other than the one from which he was wrongfully terminated, they do not introduce admissible evidence to that effect. Indeed, none of Defendants' "disputed" facts even really dispute the facts raised by Plaintiff in support of his motion. Accordingly, the Court finds there are no genuine disputes of material fact in this case.

2. <u>Whether Plaintiff is Entitled to Judgment as a Matter of Law on his Declaratory Relief Claims</u>

The CBA provides employees with a bill of rights for disciplinary actions and provides employers with requirements they must meet when meting out discipline. This bill of rights provides the arbitrator with the express and exclusive authority to rule as to whether the employee's rights were respected by the employer. The parties agree that the arbitrator found that Defendants lacked just cause to terminate Plaintiff because they failed to follow procedural safeguards, such as ordering a psychological examination or providing Plaintiff with sufficient notice of the disciplinary proceedings. They also agree that the arbitrator specifically retained jurisdiction until such time as the award is complied with in full, and that the parties to the arbitration were Defendants and Plaintiff's union.

Defendants raise a number of arguments to block the Court from reaching the merits of Plaintiff's motion. None of them are persuasive. The Court addresses each in turn.

a. *Whether Plaintiff has Standing to Seek a Ruling on the Arbitration Order*

First, the Court finds that Plaintiff—who was neither a party to the arbitration nor the arbitration award—has standing to seek a ruling on the arbitration award as a third-party beneficiary of the CBA. *See Sepulveda v. Pac.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** \* 7

*Mar. Ass'n*, 878 F.2d 1137, 1139 (9th Cir. 1989) (to determine whether a party is a third-party beneficiary, apply state law to the extent it is compatible with federal labor policy). Plaintiff was contemplated as a beneficiary to the collective bargaining agreement between Defendants and his union because the agreement contemplated that Defendants owed certain obligations to Plaintiff as a member of the union. *See Lonsdale v. Chesterfield*, 99 Wash.2d 353, 360-61 (1983); *contra Titus v. Tacoma Smeltermen's Union Local No. 25*, 62 Wash.2d 461, 466 (1963) (finding no third-party beneficiary relationship was intended by a collective bargaining agreement where plaintiffs were non-union employees and damages were allegedly caused by the union's breach of labor contract).

        b. *Whether Plaintiff Waived or Failed to Exhaust His Claims Before the Arbitrator*

Defendants argue that, if the Court finds that Plaintiff has standing to bring his claims, the Court should conclude that he waived or failed to exhaust his claims before the arbitrator. Plaintiff argues he did not waive or fail to exhaust because appearing back before the arbitrator would have been futile. He also argues that Defendants failed to allege either ground in their Answer as affirmative defenses.

Federal labor policy requires that individual employees wishing to assert contract grievances must first attempt to use the grievance procedure agreed upon by the employer and the union. *Rep. Steel. Corp. v. Maddox*, 379 U.S. 650, 653 (1965); *Carr v. Pac. Maritime Ass'n*, 904 F.2d 1313 (9th Cir. 1990). This is part of the larger federal policy requiring parties to submit contract disputes to arbitration proceedings and preventing parties from avoiding arbitration by jumping to file lawsuits in courts. *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). However, there are certain circumstances in which an employee may nonetheless obtain judicial review of his claims despite failure to pursue remedies through arbitration. *Beriault v. Local 40, Super Cargoes and Checkers of Int'l Longshoremen's & Warehousemen's Union*, 501 F.2d 258, 262 (9th Cir. 1974). These exceptions

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** \* 8

include when the conduct of the employer amounts to a repudiation of the grievance procedures. *Id.* In this context, "the employer is estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action." *Id.*

Defendants argue that Plaintiff should have gone back to the arbitrator to seek a ruling on the meaning of the word "reinstatement" and whether Defendants complied with the arbitration order, and his failure to do so amounts to waiver or failure to exhaust. Here, it is true that the arbitrator explicitly retained jurisdiction. However, the facts in this case indicate that Defendants were the first party to try and circumvent the arbitrator in this case, and that Plaintiff's attempt to return to the arbitrator would have been futile. Defendants tried to appeal the arbitrator's award to more than one state superior court, reiterated several times that it was Sheriff Raymond's position that Plaintiff would never be given a commission and would never be reinstated to his prior role, and only ordered him back to work after three years of hemming and hawing. And although Plaintiff's counsel did withdraw a request to return to the arbitrator, she was trying to reach a mutually agreeable solution short of litigation or return to the arbitrator in order to save costs for both sides. It is clear that forcing Plaintiff to return to the arbitrator would have been futile.

    c. *Whether Plaintiff Sufficiently Pled Declaratory Relief Claims in his Complaint*

Defendants also argue that Plaintiff's motion should be denied because he "never pled this issue as a declaratory matter." ECF No. 96 at 11. Defendants seem to argue that they were caught off guard that Plaintiff is seeking the relief that he is, even if his Complaint on its face raised claims for declaratory relief. This is demonstrably false. Plaintiff's Complaint includes a request for declaratory judgment that he "maintains reemployment rights under the Deputies Collective Bargaining Agreement," ECF NO. 1-3 at ¶ 3.4, and that "the position he was

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** \* 9

wrongfully terminated [from] in 2016 is not consistent with the newly created position the Franklin County Sheriff's Office has officially reinstated him [to]", ECF No. 1-3. at ¶ 2.31. What is more, Defendants admitted in *their own motion for summary judgment* that this was a declaratory judgment action seeking a declaration "stating the labor arbitrator's order of reinstatement means reinstatement as a law enforcement deputy, as distinguished from reinstatement as an FCSO employee." ECF No. 19 at 1-2. Defendants cannot argue in good faith that Plaintiff did not adequately plead declaratory relief claims when they themselves have previously acknowledged the nature of Plaintiff's declaratory relief claims.

        *d. Whether Defendants "Reinstated" Plaintiff Pursuant to the Arbitrator's Award*

        The Court finally turns to the merits of Plaintiff's motion. Plaintiff argues that Defendants violated the arbitration award because he was not "reinstated" to the position he held prior to being wrongfully terminated. Defendants do not get to the meat of this argument, instead spending their time on the defenses discussed above.

        On the face of the award, the arbitrator found that Defendants "had simply failed to meet the requirements of just cause for its discipline when it failed to conduct a full and fair investigation of [Plaintiff's] conduct prior to determining the discipline to be imposed and specifically found that "[Defendants] failed to order any psychological or psychiatric examination of [Plaintiff] to assess his fitness for duty." ECF No. 88-1 at 2. The arbitrator therefore issued an award sustaining the grievance and ordering that Plaintiff be "reinstated." *Id.* at 15-16. Finally, the award stated that, pursuant to the parties' agreement, the arbitrator would retain jurisdiction until the award has been complied with in full. *Id.*

        Courts are extremely limited in their review of arbitration awards. Even if a court disagrees with the factual or legal conclusions of an arbitrator or if an award

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 10

is ambiguous, courts generally defer to the arbitrator and will decline to vacate an award. *George Day Const. Co. v. United Bhd. of Carpenters and Joinders, Local 354*, 722 F.2d 1471, 1477 (9th Cir. 1984). However, a court may vacate an arbitrator's award if it ignores the plain language of the operative collective bargaining agreement, *Virginia Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913-14 (9th Cir. 2007), or if the award violates public policy, *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Assoc. of Machinists and Aerospace Workers*, 886 F.2d 1200, 1209 (9th Cir. 1989). However, these rules do not prevent a district court from interpreting an arbitration award to conclude whether the arbitration award has been complied with or to enforce an award. *See Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty. v. Celotex Corp.*, 708 F.2d 488, 491 (9th Cir. 1983). That being said, some courts have found that the proper remedy upon determining ambiguity exists is to remand to the arbitrator, though that remedy is viable only where the parties to the arbitration are also the parties before the court. *See Hanford Atomic Metal Trades Counc., AFL-CIO v. Gen. Elec. Co.*, 353 F.2d 302 (9th Cir. 1965) (remanding to the arbitrator due to an ambiguity related to an award of back pay and restoration of vacation time); *Kaanapali Golf Mgmt., Inc. v. Int'l Longshore & Warehouse Union, Local 412*, No. 07-00142 SOM/LEK, 2007 WL 1424682 (D. Haw. May 9, 2007) (remanding to the arbitrator due to an ambiguity as to the term "reinstatement," where the employee's exact prior position no longer existed after he prevailed at arbitration).

Remand to the arbitrator is not appropriate in this case because the union is not a party to this litigation, nor was Plaintiff a party to the arbitration. The Court does not have jurisdiction over the union, so to remand this issue to the arbitrator would be beyond this Court's authority. However, the Court finds that there is no ambiguity on the face of the arbitration award. The Oxford English Dictionary defines the word "reinstate" as "to reinstall-or re-establish (a person or thing) in a

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 11

prior position [or] condition."[1] Based on that word's plain meaning, Plaintiff was not "reinstated" because he was not returned to his former position—he was put in an entirely new and not equivalent position. Furthermore, because Plaintiff was not returned to the position he held prior to his wrongful termination, Defendants violated the terms of the arbitration award and Plaintiff is entitled to all rights and benefits under the Deputy's CBA. Accordingly, Plaintiff's motion is granted.

## Conclusion

Plaintiff is entitled to summary judgment on his declaratory relief claims. He was not properly reinstated and, in so doing, Defendants violated the arbitration award. Whether Plaintiff is a good or a bad cop is immaterial to the Court's resolution of the narrow issue of whether he was reinstated pursuant to the arbitration award. Presented with all the evidence, the arbitrator found in Plaintiff's favor and found that Defendants lacked just cause to terminate him. They cannot relitigate the events leading up to the termination or the arbitration before this Court.

Finally, the Court notes that it has been frustrated and confused by Defendants' inconsistent positions and arguments throughout this case. On the one hand, Defendants have argued that it is inappropriate for this Court to refer the matter back to the arbitrator for clarification, even though he specifically retained jurisdiction until the award was fully complied with. But now Defendants argue that this Court should not determine the meaning of the arbitrator's award. Defendants cannot have it both ways.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment Re: Declaratory Relief, ECF No. 90, is **GRANTED**.

---

[1] "Reinstate." Oxford English Dictionary Online. Oxford University Press. https://www.oed.com/view/Entry/161642?redirectedFrom=reinstate#eid (accessed Nov. 24, 2020).

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 12

2. A declaratory judgment is entered as follows:

    a. "Reinstatement" under the arbitrator's order means "return to the position from which Plaintiff was terminated without just cause";

    b. Defendants did not comply with the arbitrator's order when they ordered Plaintiff to return a position that was different from the one from which he was wrongfully terminated; and

    c. Plaintiff is entitled to all rights under the Deputy's Collective Bargaining Agreement, including all benefits afforded to deputies covered by the Collective Bargaining Agreement.

3. Defendants' Motion to Strike Supplemental Declaration of Andrea Clare, ECF No. 103, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter a declaratory judgment as detailed above, and forward copies to counsel.

**DATED** the 8th day of December 2020.



                    Stanley A. Bastian
              Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO STRIKE** * 13