FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE RAPP, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN COUNTY, a Municipal Corporation; and FRANKLIN COUNTY SHERIFF JIM RAYMOND, in his individual and official capacity,<br><br>    Defendants. | No. 4:19-CV-05150-SAB<br><br>**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS** |

    Before the Court are Plaintiff's Motion to Certify Appeal for Interlocutory Review, ECF No. 164, and Motion for Rule 60 Relief, ECF No. 166; and Defendants' Motion for Sanctions, ECF No. 168. On January 27, 2022, oral argument was held by videoconference.[1] Andrea Clare appeared on behalf of

---

[1] The Court only considered oral argument on Plaintiff's Motion to Certify Appeal for Interlocutory Review and Motion for Rule 60 Relief, as the parties did not request oral argument on Defendants' Motion for Sanctions. ECF No. 168 at 1. The Court also concludes that oral argument would not be helpful to its deliberative process. LCivR 7(i)3(B)(iii).

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *1**

Plaintiff George Rapp ("Mr. Rapp"). Andrew Cooley appeared on behalf of Franklin County and Franklin County Sheriff Jim Raymond (collectively, "Franklin County"). This Order memorializes the Court's ruling.

At the hearing, the Court denied Mr. Rapp's Motion to Certify Appeal for Interlocutory Review and Motion for Rule 60 Relief. The Court finds that Mr. Rapp failed to establish all elements required by 28 U.S.C. § 1292(b) to certify an order for interlocutory appeal. Mr. Rapp also did not demonstrate that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(6). Finally, the Court determines that sanctions are not appropriate and therefore denies Franklin County's Motion for Sanctions.

## Background

As the parties are familiar with the facts of the case, the Court dispenses with a summary. However, the matter's procedural history is briefed as it is relevant to the present motions.

Plaintiff George Rapp filed his initial Complaint in Walla Walla County Superior Court on May 23, 2019. ECF No. 1-3. Defendants Franklin County and Franklin County Sheriff Jim Raymond removed the action to the United States District Court for the Eastern District of Washington on June 6, 2019. ECF No. 1. Franklin County filed an Answer on July 8, 2019. ECF No. 2.

On October 13, 2020, Mr. Rapp filed a Motion for Partial Summary Judgment re: Declaratory Relief. ECF No. 90. Franklin County filed a Motion to Strike one of Plaintiff's declarations in support of that motion. ECF No. 103. On December 8, 2020, the Court granted Mr. Rapp's request for declaratory relief and denied Franklin County's Motion to Strike (the "December 8, 2020 Order"). ECF No. 106.

After the December 8, 2020 Order, Franklin County filed a Notice of Termination of Employment and Suggestion of Mootness, indicating that as of November 30, 2020, Mr. Rapp was terminated from employment. ECF No. 109. The Court requested briefing on the issue of mootness. ECF. No. 110. The Court then

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *2**

issued an order determining that the December 8, 2020 Order was not moot, because it did not direct Franklin County to reinstate Mr. Rapp as a road deputy, but rather found that Franklin County did not comply with the labor arbitrator's order when Franklin County returned Mr. Rapp to a different position from the one in which he was terminated. ECF No. 116 at 2.

On February 8, 2021, Mr. Rapp filed a Motion to Amend the Complaint, ECF No. 119, and subsequently, the parties filed a Stipulated Motion to Amend the Complaint. ECF No. 122. The Court granted both motions on February 24, 2021. ECF No. 123. Mr. Rapp filed his Amended Complaint on February 24, 2021. ECF No. 124.[2] The Court issued a Second Amended Jury Trial Scheduling Order on March 5, 2021. ECF No. 127.

Then, on June 15, 2021, Mr. Rapp filed a Motion for Summary Judgment re: Liability. ECF No. 130. Franklin County also filed a Motion in Limine on September 13, 2021, ECF No. 140, and Mr. Rapp filed a Motion to Continue Trial Date on September 14, 2021. ECF No. 141. On October 4, 2021, Franklin County filed a Motion for Partial Summary Judgment. ECF No. 155. Upon consideration of the Plaintiff's Motion for Summary Judgment re: Liability, on October 12, 2021, the Court acknowledged that it committed error in granting declaratory relief to Mr. Rapp and vacated its December 8, 2020 Order and judgment. *See* ECF No. 158.

On October 25, 2021, the Court held a hearing to set case management deadlines for motions seeking appellate review. ECF Nos. 160, 161. Mr. Rapp filed a Motion to Certify Appeal for Interlocutory Review on November 15, 2021, ECF No. 164, and a Motion for Rule 60 Relief on December 8, 2021, ECF No. 166. Franklin County filed a Motion for Sanctions on January 5, 2022. ECF No. 168.

//

---

[2] Franklin County filed its Answer to the Amended Complaint on October 4, 2021. ECF No. 156.

ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *3

Still pending before the Court are Mr. Rapp's Motion for Summary Judgment re: Liability, and Franklin County's Motion in Limine and Motion for Partial Summary Judgment. ECF Nos. 130, 140, 155.

## Legal Standard

### A. Interlocutory Appeal

A movant seeking interlocutory appeal under 28 U.S.C. § 1292(b) has the heavy burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), *abrogated by Microsoft Corp. v. Baker*, 582 U.S. ___, 137 S.Ct. 1702 (2017); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Under 28 U.S.C. § 1292(b), a movant seeking interlocutory must demonstrate three elements:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves **[(1)]** a controlling question of law as to which **[(2)]** there is substantial ground for difference of opinion and that **[(3)]** an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

28 U.S.C. § 1292(b) (emphasis added).

First, the proposed interlocutory appeal must involve a controlling question of law. The moving party must show "that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)) (per curiam). Controlling questions of law include "determination[s] of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* Although the United States Court of Appeals for

ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *4

the Ninth Circuit has not expressly defined the phrase "question of law," many appellate courts have construed the term is mean a "pure question of law" rather than a mixed question of law and fact or application of law to a particular set of facts. *See, e.g.*, *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (finding that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"), *abrogated on other grounds by White Sands Grp. LLC v. PRS II, LLC*, 32 So.3d 5 (Ala. 2009); *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003) ("When the crux of an issue decided by the court is fact-dependent, the court has not decided a 'controlling question of law' justifying immediate appeal."); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("The idea [behind § 1292] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.").

Second, a movant must demonstrate that a "substantial ground for difference of opinion" exists. Under this inquiry, courts must examine to what extent the controlling law is unclear. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (citing 3 FEDERAL PROCEDURE, LAWYERS EDITION § 3:212 (2010)) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *5**

Third, the proposed interlocutory appeal must materially advance the ultimate termination of the litigation. The Ninth Circuit has not extrapolated on the meaning of materially advancing termination of the litigation. However, it generally means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation. *See generally* 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3930 at 432 (2d ed. 1996); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

### B. Rule 60(b) Relief from a Judgment or Order

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). Rule 60(b) "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). The rule enumerates six scenarios under which relief can be granted—including, as relevant to this case, (1) "mistake, inadvertence, surprise, or excusable neglect"; and (2) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Under Rule 60(b)(6), a movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment.'" *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The Ninth Circuit has recognized that district courts have authority under Rule 60(b) to vacate prior orders sua sponte. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008) ("[A] majority of circuits to have considered the power of a district court to vacate a judgment under Rule 60(b) have concluded that district courts have the discretion to grant such relief sua sponte."). In *Kingvision*, the Ninth Circuit acknowledged that Rule 60(b) does

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS \*6**

not address whether a motion must be brought by a party or can be sua sponte. *Id.* at 351. It ultimately adopted the approach of the Fourth and Fifth Circuits in which a district judge could vacate a judgment under Rule 60(b), for example, "where 'after mature judgment and re-reading the record he was apprehensive that he had made a mistake.'" *See id.* at 352 (quoting *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962)). In *Durga Ma Corporation*, the Ninth Circuit again affirmed that, under Rule 60(b), a district court may correct a prior judgment sua sponte "for mistake or inadvertence, either on the part of counsel or the court itself." *Durga Ma Corp.*, 387 F.3d at 1024 (citing *Kingvision*, 168 F.3d at 350).

### C. Sanctions Under Rule 11(b)

Among other things, Federal Rule of Civil Procedure 11(b) requires that claims not be brought for an improper purpose and that claims be warranted by existing law or by a nonfrivolous argument for extending, modifying, reversing, or establishing new law. Fed. R. Civ. P. 11(b). Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11, advisory committee's note to 1993 amendment. Sanctions are designed to deter rather than punish. Fed. R. Civ. P. 11(c)(4). And although Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, any interpretation must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

### Discussion

The Court denies Plaintiff's Motion to Certify Appeal for Interlocutory Review and Motion for Rule 60 Relief. The Court concludes that Mr. Rapp failed to meet the standards for interlocutory appeal or relief under Rule 60(b)(6). Appellate review is not appropriate at this time, and it was within the Court's authority to reconsider the December 8, 2020 Order to ensure the rightful decision of the case. The Court nonetheless takes this opportunity to clarify its decision to rescind and

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *7**

vacate the Order. The Court also concludes that sanctions are not appropriate and therefore denies Franklin County's Motion for Sanctions.

### A. Motion to Certify Appeal for Interlocutory Review

Mr. Rapp moves the Court to certify the December 8, 2020 Order for interlocutory appeal to "verify its accuracy and obtain enforcement thereof." ECF No. 164 at 2. Mr. Rapp contends that the Court's "complete turnaround suggests the Order and [Judgment] involve a controlling question of law here to which there is a substantial ground for difference of opinion." *Id.* at 3. That is, "[g]iven this Court's reversal, the Order and Judgment must necessarily entail a substantial ground for difference of opinion." *Id.* at 15. Mr. Rapp further argues the merits of his initial request for declaratory relief. *Id.* at 3–7.

Franklin County responds that Mr. Rapp did not meet the "stringent standards" necessary for interlocutory appeal. ECF No. 165 at 7. It points out that Mr. Rapp's request for interlocutory appeal of the December 8, 2020 Order would necessarily involve a mixed question of law and fact. *Id.* at 9. Franklin County also avers that Mr. Rapp has not explained what "'pure question of law' could be decided by the Circuit Court that would not involve studying the record." *Id.* at 11. On similar grounds, it asserts that Mr. Rapp has not identified any dispute among the circuit courts on any question of law. *Id.* at 12.

In this case, Mr. Rapp did not attempt to demonstrate the three requisite elements to certify the case for interlocutory appeal under 28 U.S.C. § 1292(b). First, Mr. Rapp's request for interlocutory appeal does not present a common question of law. Mr. Rapp did not articulate any legal inquiry for appellate review. Generously construed, Mr. Rapp may be seeking legal interpretation of the meaning of "reinstatement" in the arbitrator's order. However, any interpretation of the arbitrator's order would necessitate a close review of the factual record and does not constitute to a pure question of law. The inquiry would require the appellate court to delve far beyond the surface of the record, making it inappropriate for certification.

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *8**

Second, Mr. Rapp did not demonstrate that there is substantial ground for a difference of opinion. Mr. Rapp did not articulate any difference of opinion between the circuit courts on any legal question; he also has not contended that this case presents a novel legal issue or that the controlling caselaw is unclear. Because there is no legal question proffered by Mr. Rapp, the Court cannot conclude that there is a substantial ground for a difference of opinion.

Third, although not argued either way by Mr. Rapp, it is evident that permitting an interlocutory appeal would only postpone the ultimate termination of this litigation. An interlocutory appeal would not avoid trial but would rather needlessly delay reaching the merits of the case. For these reasons, the Motion to Certify Appeal for Interlocutory Review is denied.

### B.    Motion for Rule 60 Relief

By separate motion, Mr. Rapp moves the Court to issue relief under Rule 60(b)(6). He contends that the Court "went rogue" in vacating its December 8, 2020 Order, because the Court acted sua sponte and not by motion from either party. ECF No. 166 at 3. Mr. Rapp argues that the Court "impermissibility and gratuitously" committed "error upon error" by issuing Rule 60(b) relief absent a party's motion. *Id.* at 2, 8. He claims that the decision amounted to a "backwards attempt to relieve [Defendants] of the Order" and an "imperious action [that] appears equally designed to prevent George Rapp from seeking appeal as a matter of right to correct said error." *Id.* at 2. Mr. Rapp also asserts that the district court lacked authority to vacate the December 8, 2020 Order because it was a "final judgment." Finally, in alternative to granting Rule 60(b) relief, Mr. Rapp requests that the Court clarify its reasoning for vacating the prior judgment and deny the motion so he may seek appellate review.

Franklin County replies that Mr. Rapp's arguments for Rule 60(b) relief are contrary to the federal rules and caselaw. It cites precedent indicating that the Court is empowered to amend a judgment on its own motion pursuant to Rule 60(b).

ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *9

Franklin County also avers that the December 8, 2020 Order was not a final judgment because it did not dispense of the case and therefore the Court retained authority to amend or vacate the Order.

The Court finds that Mr. Rapp failed to demonstrate that he is entitled to relief under Rule 60(b)(6). Mr. Rapp presents two primary arguments in support of the motion. At the hearing on the motion, Mr. Rapp's counsel argued for the first time that Mr. Rapp was not given notice and an opportunity to respond when the Court was reconsidering the December 8, 2020 Order. The Court rejects this contention for the reasons noted below. The second basis for Mr. Rapp's request for relief is that the district court lacked authority to vacate its Order and judgment sua sponte. The Court also finds this argument unpersuasive, as it is contrary to Ninth Circuit precedent.

To begin, the Court finds that Mr. Rapp was provided notice and an opportunity to respond. On October 1, 2020, Mr. Rapp was repeatedly informed that the Court was reconsidering its December 8, 2020 Order.[3] In response to the specific concerns enumerated by the Court, Mr. Rapp's counsel (1) acknowledged the Court's apprehension that it misunderstood the facts,[4] and counsel (2) was afforded an opportunity to substantively respond to and address the same.[5] The Court also

---

[3] *See, e.g.*, ECF No. 157 at 45–46 ("I am concerned that your client may have waived his claims when he removed this from the arbitrator's authority."), 46 ("I'm giving serious thought to vacating that ruling."), 47–48 ("I'm going to have to revisit my December order and decide whether I've gone down a wrong path[.]").

[4] *See, e.g.*, ECF No. 157 at 53 ("[W]hether your order in December is right or wrong . . . .").

[5] *See, e.g., id.* at 49–55 (arguing why clarification from the arbitrator was not appropriate at the time and thus the claims were not waived), 50 (arguing that the

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *10**

inquired if the parties had been heard on all relevant issues—an opportunity that Mr. Rapp's counsel availed herself of.[6] Due to the foregoing, Mr. Rapp was given notice and an opportunity to respond.

Mr. Rapp next contends that the Court lacked authority to vacate the December 8, 2020 Order, because (1) a Rule 60(b) motion must be brought by a party; and (2) the December 8, 2020 Order was a "final judgment." ECF No. 166 at 3. The Court rejects both arguments as they are contrary to caselaw. First, it is well settled that a district court in the Ninth Circuit may grant relief from an order under Rule 60(b) sua sponte. *See Durga Ma Corp.*, 387 F.3d at 1024; *Kingvision*, 168 F.3d at 350. A motion by either party was not required. In this case, the Court vacated the December 8, 2020 Order when it became apparent that declaratory relief was only granted due to the Court's misunderstanding of the underlying facts. *See* Fed. R. Civ. P. 60(b)(1).

Second, the December 8, 2020 Order was not a "final judgment." The Order granted Mr. Rapp's motion for summary judgment with respect to only his prayer for declaratory relief. Orders granting partial summary judgment are not final judgments or final orders for purposes of appeal, because "partial summary judgment orders do not dispose of all claims and do not end the litigation on the merits." *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998); *Stewart Title & Tr. of Phoenix v. Ordean*, 528 F.2d 894, 897 n.1 (9th Cir. 1976). A final decision is rendered when an order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United*

---

Sheriff did not retain discretion to place Mr. Rapp in the corrections position despite the express provisions of the CBA).

[6] *Id.* at 54 ("[A]ny other issues you want to talk about before we end the hearing?"), 55 ("Thank you for clarifying. Anything else?"). The Court also notes that Mr. Rapp did not request another opportunity to brief the legal matters at issue.

ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS ~ 11

*States*, 324 U.S. 229, 23 (1945). Most of Mr. Rapp's claims remained in dispute and, therefore, the December 8, 2020 Order was not final. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1089 (9th Cir. 2012); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981). The Court retained authority to amend or vacate the judgment as justice required under Rule 60(b) and the procedures imposed by Ninth Circuit precedent.

That being the case, the Court vacated the December 8, 2020 Order to ensure the rightful decision of this case. The Court takes the opportunity to clarify its decision to vacate, which was undertaken for four distinct reasons.

The first two reasons relate to waiver. Mr. Rapp alleges that Franklin County violated the arbitrator's order when Mr. Rapp was reinstated to a corrections position. However, Mr. Rapp waived this argument because he failed to return to the arbitrator for clarification or file a separate grievance. Under the CBA, the labor arbitrator retained jurisdiction to resolve any issues related to whether the award was complied with or not. ECF No. 92-1 at 22 ("The arbitrator may retain jurisdiction of the grievance until such time as the award has been complied with in full."). There were several unresolved issues after the arbitration—including the amount of backpay Mr. Rapp was entitled to, how to compensate for the different retirement system Mr. Rapp would join, and whether Franklin County complied with the arbitration award when it reinstated Mr. Rapp into a corrections position. Yet, despite Mr. Rapp's assertion that Franklin County did not comply with the arbitrator's order, Mr. Rapp did not return to the arbitrator to clarify the meaning of "reinstatement."[7] Furthermore, the terms of the CBA provided that a party faced a 10-day statute of limitations to file a grievance. *Id.* at 19 ("If any party fails to file a

---

[7] This decision appears to have been intelligently made. Mr. Rapp's counsel initially requested to return to the arbitrator to clarify this issue, but subsequently withdrew the request, indicating that the parties were cooperating to address the matter. ECF No. 86-3.

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *12**

grievance within 10 calendar days of its occurrence, then such dispute and grievance shall be forever waived."). Once again, Mr. Rapp did not return to the arbitrator or file a grievance under the CBA for breach of contract when he was placed into the corrections position. Thus, Mr. Rapp waived his claim that he was not properly reinstated pursuant to the arbitrator's order.

An additional issue with the December 8, 2020 Order was that the Court failed to consider Sheriff Raymond's express authority under the CBA. Sheriff Raymond retained exclusive rights to determine work hours, work duties, and the location for employees under the CBA. *Id.* at 5–6. The factual record indicates that the labor arbitrator was aware of this authority and that he may not have intended to usurp the Sheriff of this authority through a stringent definition of "reinstatement." By its own error, the Court failed to consider whether declaratory relief was appropriate in this context.

Finally, Mr. Rapp failed to plead the claim with sufficient particularity, and this procedural irregularity resulted in prejudice to Franklin County. Mr. Rapp had not sought a declaration that his reinstatement did not comply with the arbitrator's order until he moved for summary judgment on October 13, 2020.[8] The issue of Mr. Rapp's inartful pleading became apparent to the Court upon consideration of the pending motion for summary judgment regarding liability, as Mr. Rapp continued to seek judgment as a matter of law on claims not pled in this action.[9] Mr. Rapp's

---

[8]    ECF No. 90; ECF No. 1-3 at 11 (asserting a cause of action for declaratory relief that Mr. Rapp was entitled to, specifically, employment rights under the Deputies' CBA); see also ECF No. 96 at 11.

[9]    ECF No. 130 at 4–7 (arguing that Mr. Rapp is entitled to summary judgment because Franklin County breached the employment contract); ECF No. 157 at 44 (noting that Mr. Rapp failed to plead a claim for breach of contract), 53–54 (acknowledgement of the same by counsel); ECF No. 124 (Amended Complaint).

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *13**

request for declaratory relief as to the meaning of "reinstatement" was not adequately pled. The lack of clarity failed to place Franklin County on notice and resulted in prejudice to the same. Consequently, it became evident to the Court that granting declaratory relief was in error.

Upon review, the Court was left with a definite and firm conviction that declaratory relief should not have been granted, due to (1) Mr. Rapp's failure to seek clarification of the arbitration order or file a separate grievance; (2) the Sheriff's express authority under the CBA; and (3) Mr. Rapp's failure to plead the claim with sufficient particularity. As a result, the Court acknowledged that it committed error in granting declaratory relief to Mr. Rapp and vacated its December 8, 2020 Order and judgment. *See* ECF No. 158; ECF No. 106.

### C.   Motion for Sanctions

As a final matter, the Court declines to issue sanctions. Sanctions in this case would not deter misconduct but would instead walk a fine line of "deterring vigorous advocacy." *See Hartmarx Corp.*, 496 U.S. at 393. Although the motion itself is unpersuasive, Mr. Rapp's motion does not rise to a standard of objective unreasonableness to warrant deterrence and sanctions under Rule 11.

//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *14**

Accordingly, it is **HEREBY ORDERED**:

1. Plaintiff's Motion to Certify Appeal for Interlocutory Review, ECF No. 164, is **DENIED**.

2. Plaintiff's Motion for Rule 60 Relief, ECF No. 166, is **DENIED**.

3. Defendants' Motion for Sanctions, ECF No. 168, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 18th day of February 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS TO CERTIFY APPEAL, FOR RULE 60 RELIEF AND SANCTIONS *15**